UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BONNIE PLOTKIN,

    *Plaintiff*,

          v.

UNITED STATES OF AMERICA,

    *Defendant*.

Civil Action No. 20-2025 (DLF)

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant United States of America, by and through undersigned counsel, hereby answers Plaintiff Bonnie Plotkin's Complaint as follows:

### DEFENSES

### First Defense

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. ("FTCA").

### Second Defense

This Court is without jurisdiction to grant any relief beyond that for which the United States has waived sovereign immunity under the FTCA.

### Third Defense

Plaintiff has not served the Smithsonian Institution as required by Fed. R. Civ. P. 4(i)(2).

### Fourth Defense

Defendant and its agents, servants, and employees exercised reasonable care and deny committing any negligent or wrongful act or omission, and deny proximately causing the

damages alleged.

### Fifth Defense

Any injuries or damages sustained by Plaintiff were caused by her own fault and contributory negligence.

### Sixth Defense

Plaintiff has failed to mitigate her damages, if any.

### Seventh Defense

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### RESPONSES TO NUMBERED PARAGRAPHS

Answering specifically each paragraph of the Complaint, using the same headings and numbering used in the Complaint, Defendant answers as follows:[1]

### JURISDICTION AND VENUE

1. The allegations in Paragraph 1 assert legal conclusions to which no response is required.

2. The allegations in Paragraph 2 assert legal conclusions to which no response is required.

3. Defendant admits that Plaintiff filed an administrative tort claim with the Smithsonian Institution ("Smithsonian") on or around December 31, 2019. Defendant respectfully refers the Court to Plaintiff's administrative tort claim for a full and accurate statement of its

---

[1] To the extent the headers in the Complaint can be construed as allegations of fact, all such allegations are denied.

contents.

4. Defendant admits that the Smithsonian denied Plaintiff's claim by letter dated July 1, 2020. Defendant further admits that Smithsonian investigated Plaintiff's claim. Defendant further admits that Smithsonian denied the claim because it found an insufficient basis to conclude that Plaintiff was injured as the result of any negligence on the part of Smithsonian. Defendant respectfully refers the Court to Smithsonian's July 1 letter for a full and accurate statement of its contents.

5. Defendant admits that Plaintiff brought the instant action pursuant to the FTCA.

## PARTIES

6. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. The allegations in Paragraph 7 assert legal conclusions to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff's claims against Smithsonian are subject to, and limited by, the FTCA.

8. Defendant admits that Smithsonian was established by Congress as a trust instrumentality of the United States.

9. Defendant admits that Smithsonian controlled, owned, and operated the National Museum of African American History and Culture (hereinafter, the "Museum") and that Smithsonian was responsible for its maintenance.

## FACTS

10. Defendant admits that Plaintiff visited the Museum on July 26, 2019.

11. Defendant admits that Plaintiff was standing by the marble seating area outside of the entrance of the Museum. Defendant lacks information or knowledge sufficient to form a belief

as to the truth of Plaintiff's allegation that she was with her family and therefore denies this allegation.

12. Defendant admits that the water feature located near the entrance to the Museum did not contain water on July 26, 2019. Defendant denies all remaining allegations in this paragraph.

13. Defendant admits that the water feature located near the entrance to the Museum was empty. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

14. Denied.

15. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Defendant admits that Museum security brought Plaintiff a wheelchair. Defendant lacks information or knowledge sufficient to form a belief as to remaining allegations in this paragraph.

17. Defendant lacks knowledge and information sufficient to form a belief as to truth of the allegations in this paragraph. Defendant denies that any injury or loss that Plaintiff incurred was proximately caused by any negligence, wrongful act, or omission by Smithsonian.

## COUNT I
**(Negligence)**

18. Defendant incorporates, by reference, its responses to Paragraphs 1 through 17.

19. The allegations in Paragraph 19 assert legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Defendant admits only that any duty owed to Plaintiff is defined by District of Columbia law. Defendant denies the remaining allegations contained in Paragraph 19.

20. Denied.

21. Denied.

22. Denied.

The next paragraph of the Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent an answer may be deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

DATED: October 30, 2020               Respectfully submitted,

                                      MICHAEL R. SHERWIN
                                      Acting United States Attorney

                                      DANIEL F. VAN HORN
                                      D.C. BAR No. 924092
                                      Chief, Civil Division

                                  By: /s/ *Brenda González Horowitz*
                                      BRENDA GONZÁLEZ HOROWITZ
                                      D.C. Bar No. 1017243
                                      Assistant United States Attorney
                                      U.S. Attorney's Office, Civil Division
                                      555 Fourth Street, N.W.
                                      Washington, D.C. 20530
                                      Tel: (202) 252-2512
                                      Brenda.Gonzalez.Horowitz@usdoj.gov

                                      *Counsel for United States of America*