UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BONNIE PLOTKIN | : | |
| Plaintiff, | : | |
| v. | : | Civ. A. No. 20-2025-DLF |
| UNITED STATES OF AMERICA | : | |
| Defendant. | : | |

**JOINT RULE 16.3 REPORT**

The parties, by and through their undersigned counsel, hereby submit their Joint Report pursuant to Local Civil Rule 16.3(c) and Fed. R. Civ. P. 26(f).  Counsel for the parties conferred via electronic mail. Counsel for the parties jointly submit this report setting forth their positions.

**A.    Statement of the Case**

The parties provide the following statement which describes the nature of the case, the identities of the parties, and the statutory basis of the Court's jurisdiction for all causes of action and defenses:

Plaintiff brings this personal injury case alleging negligence stemming from a slip and fall that occurred during a visit to the Smithsonian Institution on July 26, 2019, wherein Plaintiff seeks $1,000,000.00 in damages.  Defendant denies committing any negligent act and denies proximately causing the damages alleged.  Defendant further asserts that Plaintiff's injuries and damages were proximately caused by her own fault and contributory negligence.

**B.    Proposed Schedule**

The parties propose the following schedule:

| | |
|---|---|
| Commencement of Discovery | Upon entry of the Scheduling Order |

- 2 -

| | |
|---|---|
| Rule 26(a)(1)(A) Initial Disclosures | 14 days after discovery commences |
| Deadline to Amend Pleadings/Join Additional Parties | 14 days after discovery commences |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | 105 days after discovery commences |
| Defendant's Rule 26(a)(2) Expert Disclosures | 150 days after discovery commences |
| End of Discovery | 180 days after discovery commences |
| Dispositive Motions Due | To be set at post-discovery status conference |
| Pretrial Conference | To be set after the resolution of the parties' dispositive motions |
| Trial | To be set at the pre-trial conference |

**Matters Discussed By The Parties Pursuant to LCvR 16.3(c)**

**(1)     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Plaintiff believes the case is not likely to be resolved by dispositive motion. Defendant believes that all or part of the case can be resolved by summary judgment. The parties request that the Court conduct a post-discovery status conference to set a summary judgment schedule or, alternatively, a mediation schedule.

**(2)     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

It is not anticipated that other parties need to be joined or that the pleadings need to be amended. The parties' proposed schedule includes a deadline for joinder and amendment of the pleadings 14 days after discovery commences.

**(3)     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Plaintiff consents to assignment of this case to a magistrate judge for all purposes, including trial. Defendant consents to referral of the case to a magistrate only for settlement purposes and for discovery disputes, but not for post-discovery motions practice or trial.

**(4)     Whether there is a realistic possibility of settling the case.**

The parties have engaged in preliminary settlement discussions. It is still too early for the parties to say whether there is a realistic possibility of settling the case. The parties will continue to evaluate their respective cases for settlement purposes as discovery proceeds.

**(5)     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties believe ADR procedures may be appropriate, and that a prerequisite for such procedures would be a period of discovery or other disclosure relating to Plaintiff's allegations. The parties believe that the case should advance through fact discovery and Rule 26(a)(2) disclosures in order to determine if ADR is appropriate in this case. If during discovery the parties jointly conclude that the case would benefit from ADR in the form of mediation with the Circuit's Mediation Program or a Magistrate Judge, the parties will notify the Court.

**(6)     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff does not anticipate that the case will be resolved by summary judgment. Defendant believes that all or part of the case can be resolved by summary judgment. The parties request that the Court conduct a post-discovery status conference to set a summary judgment schedule or, alternatively, a mediation schedule.

**(7)     Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose that initial disclosures be served on the date stated in the above schedule.

**(8)     The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

See proposed schedule above.

The parties agree to the following: (1) the number of depositions shall be limited to five per side, excluding experts; (2) the parties agree that interrogatories, requests for admission and requests for production shall be limited to twenty-five per side; and (3) the time limitations for depositions is as stated in Rule 30(d)(1).

If the need for a protective order arises, Defendant will confer with Plaintiff in good faith in an effort to resolve any dispute without Court action.

**(9)     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to the preservation of electronic information. Defendant has placed a litigation hold on information which may be related to the claims and defenses in this case. To the extent possible, the parties will produce documents in electronic PDF format. Whether in hard copy or electronic copy, the parties will stamp their respective document productions with individual *Bates* numbers.

**(10)    Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

There are currently no issues.

**(11) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties do not believe that the requirements should be modified. See proposed schedule above.

**(12) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(13) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

At this time, the parties do not believe that the proceedings or discovery should be bifurcated or managed in phases.

**(14) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the Court set the pretrial conference within 45 days of ruling on any dispositive motion after discovery closes.

**(15) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties are aware of the Court's general practice with respect to setting trial dates at the pre-trial conference.

**(16) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

No other issues.

Respectfully submitted,

REGAN ZAMBRI LONG PLLC

By: */s/ Patrick M. Regan*　　　　　　　　　　　Michael R. Sherwin
　　Patrick M. Regan　　　#336107　　　　　　Acting United States Attorney
　　pregan@reganfirm.com
　　Christopher J. Regan　　#1018148　　　　Daniel Van Horn
　　cregan@reganfirm.com　　　　　　　　　　　D.C. Bar No. 924092
　　Emily C. Lagan #1645159　　　　　　　　　Civil Chief
　　elagan@reganfirm.com
　　1919 M Street, N.W., Suite 350
　　Washington, DC 20036　　　　　　　　By: */s/ Brenda Gonzalez Horowitz*
　　PH: (202) 463-3030　　　　　　　　　　　　Brenda Gonzalez Horowitz
　　Fx: (202) 463-0667　　　　　　　　　　　　D.C. Bar 1017243
　　pregan@reganfirm.com　　　　　　　　　　Assistant United States Attorney
　　*Attorney for Plaintiff*　　　　　　　　　　U.S. Attorney's Office for the District of
　　　　　　　　　　　　　　　　　　　　　　　　Columbia
　　　　　　　　　　　　　　　　　　　　　　　　555 4th Street, N.W.
　　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　　　　　PH: (202) 252-2512
　　　　　　　　　　　　　　　　　　　　　　　　Fx: (202) 463-0667
　　　　　　　　　　　　　　　　　　　　　　　　brenda.gonzalez.horowitz@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendant*

Date:　November 12, 2020