## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BONNIE PLOTKIN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **Case No. 1:20-cv-2025 (FYP)** |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant.** | : | |

### PLAINTIFF'S RESPONSE TO
### <u>DEFENDANT'S REQUEST FOR PRE-MOTION CONFERENCE</u>

**I.    Introduction**

This case arises from a July 26, 2019, fall over a hazardous, unprotected edge of a water feature at the National Museum of African American History and Culture ("Museum"). Defendant had **actual notice** of the hazard from it having caused fully **seventeen falls in the less than three years** the Museum had been open before the incident.  The Museum opened in September 2016.  Between then and Ms. Plotkin's fall (July 2019), Defendant possesses incident reports confirming falls over the edge of the same water feature on at least the following seventeen dates: 11/19/16, 12/9/16, 12/10/16, 12/27/16, 3/27/17, 6/15/17, 7/17/17, 8/5/17, 8/17/17, 8/19/17, 8/24/17, 9/14/17, 10/9/17, 12/26/17, 4/4/18, 7/20/18, and 6/25/19.

By sheer coincidence, one of the prior victims (12/26/17, Maggie Lewis-Butler) is also represented by Regan Zambri Long PLLC in a case pending before this Court.[1]  Both parties retained the same liability experts in this case as in that one (Dr. Harrison for Plaintiff; Mr. Leavitt for Defendant).  Defendant moved for summary judgment in that case, as well, on

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

---

[1]    *Lewis-Butler v. USA*, Case 1:18-cv-2433-CKK.

much the same grounds it wishes to pursue in the instant case.  Although briefing was completed in July 2020,[2] the Court has not yet issued a ruling.

Included as Exhibits 1-4 are the full summary judgment briefing (motion, opposition, reply, supplemental opposition (exhibits excluded)) from *Lewis-Butler*.  Plaintiff is mindful of the Court's six-page limitation for this filing, and it is not strictly necessary to review those documents at this time.  However, it is apparent that Defendant intends to recycle many of the same arguments it made in *Lewis-Butler*.  Accordingly, Plaintiff provides the *Lewis-Butler* briefs at the outset for the Court's convenience in the event that it wishes to review them.

## II.    Response to Defendant's Filing

Defendant advises that it intends to move for summary judgment on three independent bases: (1) that expert safety engineer Gregory Harrison, Ph.D., does not satisfy *Daubert*, (2) that Ms. Plotkin cannot make out a prima facie negligence case, or (3) that Ms. Plotkin was contributorily negligent as a matter of law.  (ECF No. 22).  Each will be addressed briefly.

**Dr. Harrison.**  Defendant's proposed arguments concerning Dr. Harrison are not really *Daubert* arguments.  Instead, they are arguments Defendant might ultimately make at trial concerning the weight it believes ought to be assigned to Dr. Harrison's testimony. Defendant's summary also appears to mis-recollect some of Dr. Harrison's testimony (regarding information from Plaintiff's counsel) and misunderstand the role of a liability expert (undersigned counsel has never had a liability expert interview a plaintiff, as Defendant suggests is necessary).  None of Defendant's arguments are grounds for summary judgment.

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

---

[2]    In March 2021, after Defendant notified Plaintiff that it had inadvertently failed to turn over evidence of additional prior falls, Plaintiff also filed a supplemental brief.

**Prima Facie Negligence.**  This case is almost so straightforward as not to require expert testimony.  "If the same unprotected edge has caused 17 people to fall and be injured in less than three years, should a reasonable property owner make safe the hazard?"  If that question were posed to 10 strangers on the street, would they struggle with it?  But experts will explain the applicable code requirements.  In this case, it appears that Defendant intends to advance the same argument it made in *Lewis-Butler*—that because the International Building Code explicitly requires guardrails under some circumstances, they must never be required under others.  As Plaintiff responded previously,[3] that argument is flawed not only legally, but logically:

> Defendant asks the Court to grant it summary judgment merely because Defendant's hired expert disagrees with one of the bases for Dr. Harrison's opinions.  (*See* Def.'s MP&A at 12-13).  Not even all the opinions, let alone all the bases therefor.  Rather, **one basis** for **one opinion**:  Defendant's expert intends to testify that because one section of the International Building Code (Section 1013.1) affirmatively requires that guardrails be installed along "open-sided walkway surfaces" when the change in elevation is greater than 30 inches, it thereby implies that the IBC never requires that guardrails be used to protect from hazards involving shorter drops.  (*See* Def.'s MP&A at 12-13; Def.'s SUMF ¶ 11).  Essentially, he reads Section 1013.1 as setting forth the **only** situations in which guardrails must be utilized.  In so doing, Defendant's expert commits the long-recognized logical fallacy of "denying the antecedent": "If A, then B; not-A; therefore, not-B."[4]  (A simple illustration:  If Adam is a father, then he is a man; Adam is not a father; therefore, he is not a man.)

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

---

[3]   *Lewis-Butler v. USA*, Case 1:18-cv-2433-CKK, Pl.'s Opp. to Def.'s MSJ (ECF No. 24) at 3)

[4]   ENCYCLOPAEDIA BRITTANICA, "Denial of the antecedent," available at https://www.britannica.com/topic/denial-of-the-antecedent (accessed June 8, 2020).

**Contributory Negligence.**  Simply put, none of the actions described by Defendant are contributory negligence as a matter of law.  One of Defendant's contentions deserves special attention—the assertion that "Plotkin testified that her daughter in law told her moments before her fall that she could not believe the Museum did not have ropes or guardrails around the water feature, thereby alerting Plotkin to the fact that she was standing in front of an empty water feature."  (Def.'s Request at 6).  If true, that would be shocking indeed!  Of course, it is not true.  Instead, the contention relies on a distortion of Ms. Plotkin's testimony.  The testimony came up in the context of defense counsel inquiring about whether **after the fall** any of her relatives had encouraged her to file a legal claim.

> Q.  Okay. And they suggested to you that perhaps you do something about the injuries that you sustained at the Museum?
>
> A.  That was -- yes, after the fact. I mean it hadn't -- honestly, I hadn't even thought about it because I was just so into what's wrong with me? What's wrong with me? I'm afraid. I'm afraid. And --
>
> Q.  Did, did they suggest that you speak with an attorney?
>
> A.  They didn't really -- they didn't say go speak with an attorney, you know. They just said this is something that should be followed up because my daughter-in-law had said to me right --
>
> Q.  Yeah, you cut out.
>
> A.  -- no guardrails, no ropes up here.
>
> Q.  Did you -- sorry. I'm sorry, Ms. Plotkin. You totally cut out there for a second. If you could just repeat your answer.
>
> A.  Okay. **My daughter-in-law said right before I fell, that she couldn't believe that there were no ropes or guardrails or anything up to protect and the next thing she knows, is I'm on the ground.** Did you get that?

(Plotkin Dep. at 154:18-155:14 (emphasis added)).  Minutes later, defense counsel followed up as follows:

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

- 4 -

> Q. I actually just have one follow-up question. I want to make sure I understood your testimony correctly from a moment ago, Ms. Plotkin. At any point while you were at the Museum on July 26th, 2019, did either you or your family members remark that there were no ropes or guardrails along the water feature?
>
> A. My daughter-in-law, right before I fell, said she was thinking to herself, I can't believe there was no guardrail or any markings to show that there was a ledge here. And that was like about a split second before I fell.

(Plotkin Dep. at 159:19-160:3).  Admittedly, Ms. Plotkin's testimony could be clearer with respect to timing.  However, the only reasonable reading happens to also be the correct one: Just **before the fall**, Ms. Plotkin's daughter-in-law was thinking—internally, to herself—how dangerous it was that there was no fall protection along the edge in question.  Ms. Plotkin's daughter-in-law related that to Ms. Plotkin only **after the fall**.

## III.   Conclusion and Request for Short Briefing Schedule

In conclusion, Plaintiff understands that Defendant wishes to move for summary judgment.  Plaintiff believes that Defendant's motion should fail for the same reasons as should its motion in *Lewis-Butler*.

Procedurally, Plaintiff asks only that the Court set the tightest briefing schedule possible.  The issues in this case are not complicated, many facts have been known to all parties since at least the *Lewis-Butler* briefing, all facts have been known to all parties since early December 2021, and all legal issues have been known to the parties since at least the *Lewis-Butler* briefing.  Defense counsel informed undersigned counsel that Defendant intended to move for summary judgment fully six months ago; Defendant has had ample time to prepare for the same, particularly in light of the simplicity of the issues presented.  Accordingly, Plaintiff requests that Defendant's motion for summary judgment be due one

Regan Zambri Long
1919 M Street, NW
Suite 350
Washington, D.C. 20036

202-463-3030

week after the pre-motion conference (July 27, 2022), that Plaintiff's opposition be due one

week later (August 3), and that Defendant's reply be due one week later (August 10).

Dated: June 9, 2022                    Respectfully submitted,

                                 REGAN ZAMBRI LONG PLLC

By:  */s/ Christopher J. Regan*
        Patrick M. Regan        D.C. Bar No. 336107
        pregan@reganfirm.com
        Christopher J. Regan  D.C. Bar No. 1018148
        cregan@reganfirm.com
        1919 M Street, NW, Suite 350
        Washington, DC 20036
        Ph:  (202) 463-3030
        Fx:  (202) 463-0667
        *Counsel for Plaintiff*